Schedule 6 (Form 8849) (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

► Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| E.I. Dupont de Nemours and Company | 51-0014090 | $ 220,000.00 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ► 07/01/2003 Latest date ► 06/30/2004

**Claimant's registration number** for Section 4091(d) claims. ► ______

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | July 1, 2003 through September 30, 2003 | $ 55,000 | 00 | |
| 2 | October 1, 2003 through December 31, 2003 | 55,000 | 00 | |
| 3 | January 1, 2004 through March 31, 2004 | 55,000 | 00 | |
| 4 | April 1, 2004 through June 30, 2004 | 55,000 | 00 | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

SEE ATTACHED

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use **Form 720X,** Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

# Form 8849 Attachment

Name of Claimant: E.I. Dupont de Nemours and Company
Employer Identification Number: 51-0014090
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: July 1, 2003 through June 30, 2004
Amount to be Refunded: $ 220,000.00 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services", within the meaning of Code Section 4252(d). VPN services qualify as "private communication services", and, as a result, these are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax exempt "private communication services", then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service", a toll telephone service" (in as much as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service", within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent (1) the charge does not vary in amount with the distance of each individual communication and (2) the service does not entitle Claimant, upon payment of a periodic charge (determined as a flat amount on the basis of toll elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all persons in a specified area.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of the taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

Vercuity

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

May 13, 2005

Internal Revenue Service
Cincinnati, OH 45999-0002

Re: E. I. Dupont de Nemours and Company
EIN: 51-0014090
July 2004 through March 2005

Dear Sir or Madam:

Enclosed please find refund claims with respect to the federal communications excise tax for the periods noted above. Also enclosed is a Tax Information Authorization for your files.

Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

Sincerely,

Ginnie Mauro
Manager, Tax
770-512-8280 x1
Ginnie.Mauro@Vercuity.com

INTERNAL REVENUE SERVICE
RECEIVED
MAY 16 2005
SERVICE CENTER DIRECTOR
COVINGTON, KY
MAIL UNIT # 3

12 Perimeter Center East, Suite 1210 Atlanta, GA 30346 Phone 770.512.8280 Fax 770.512.8100 www.vercuity.com

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

| Field | Entry |
|---|---|
| Name of claimant | E I DUPONT DE NEMOURS AND CO |
| Employer identification number (EIN) | 5 1 0 0 1 4 0 9 0 |
| Address (number, street, room or suite no.) | 1007 MARKET STREET |
| Social security number (SSN) | |
| City and state or province. If you have a foreign address, see page 2. | WILMINGTON DE |
| ZIP code | 19898 |
| Foreign country, if applicable. Do not abbreviate. | |
| Month claimant's income tax year ends | |
| Daytime telephone number (optional) | |

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (√) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| Schedule | Description | Check |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] 5/3/2005

Signature and title (if applicable) Date

PAUL R BLANEY

Type or print your name below signature.

For Privacy Act and Paperwork Reduction Act Notice, see instructions. Cat. No. 20027J Form **8849** (Rev. 1-2003)

Schedule 6 (Form 8849) (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| E.I. Dupont de Nemours and Company | 51-0014090 | $ 141,000.00 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 07012004 Latest date ▶ 03312005

**Claimant's registration number** for Section 4091(d) claims. ▶ ____________

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | July 2004 through September 2004 | $ 47,000 | 00 | |
| 2 | October 2004 through December 2004 | 47,000 | 00 | |
| 3 | January 2005 through March 2005 | 47,000 | 00 | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

SEE ATTACHED

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X,*** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

# Form 8849 Attachment

Name of Claimant: E.I. Dupont de Nemours and Company
Employer Identification Number: 51-0014090
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: July 2004 through March 2005
Amount to be Refunded: $141,000.00 ***plus interest*** (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services", within the meaning of Code Section 4252(d). VPN services qualify as "private communication services", and, as a result, these are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax exempt "private communication services", then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service", a toll telephone service" (in as much as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service", within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent (1) the charge does not vary in amount with the distance of each individual communication and (2) the service does not entitle Claimant, upon payment of a periodic charge (determined as a flat amount on the basis of toll elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all persons in a specified area.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. **Please note that the exact amount of the taxes has not yet been determined.** Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.