**KELLEY DRYE & WARREN LLP**
A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE
NEW YORK, NY 10178

TELEPHONE (212) 808-7800
FAX (212) 808-7897

1200 19TH STREET, N.W.
SUITE 500
WASHINGTON, DC 20036
(202) 955-9600
FAX (202) 955-9792

200 KIMBALL DRIVE
PARSIPPANY, NJ 07054
(973) 503-5900
FAX (973) 503-5950

TYSONS CORNER
8000 TOWERS CRESCENT DRIVE
SUITE 1200
VIENNA, VA 22182
(703) 918-2300
FAX (703) 918-2450

333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606
(312) 857-7070
FAX (312) 857-7095

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CT 06901
(203) 324-1400
FAX (203) 327-2669

106 AVENUE LOUISE
1050 BRUSSELS, BELGIUM
(32)(2) 646-1110
FAX (32)(2) 640-0589

AFFILIATE OFFICES

SOEBAGJO, JATIM & DJAROT
PLAZA MASHILL, 17TH FLOOR
JALAN JEND, SUDIRMAN KAV. 25
JAKARTA 12920 INDONESIA
(62)(21) 522-9765
FAX (62)(21) 522-9752

WAKHARIYA & WAKHARIYA
41 BAJAJ BHAWAN
226 NARIMAN POINT
MUMBAI 400 0021 INDIA
(91)(22) 22810336
FAX (91)(22) 22810337

ROBERT J. AAMOTH*
DANNY E. ADAMS*
ROBERT B. ADAMS
TALAT M. ANSARI
STEVEN A. AUGUSTINO*
MARK I. BANE
M. RIDGWAY BARKER*
DAVID E. BARRY
DAVID S. BATCHELLER, P.A.*
ROBERT D. BICKFORD, JR.
MARY JO BOLDINGH*
JOSEPH A. BOYLE
RICHARD W. BRADY
SAMUEL A. BRODNAX, JR.*
RICHARD G. BRODRICK
STEVEN P. CALEY
JOHN M. CALLAGY
BRIAN J. CALVEY
JONATHAN E. CANIS*
JOHN T. CAPETTA*
JAMES B. CARR
JOSEPH T. CASEY, JR.*
GEOFFREY W. CASTELLO
CAROLYN R. CAUFIELD
RICHARD S. CHARGAR
JUSTINE M. CLARK
RICHARD J. CONCANNON
JONATHAN K. COOPERMAN
JOHN J. COSTELLO
ROBERT E. CROTTY
EUGENE T. D'ABLEMONT
JOHN DAMES*
TODD D. DAUBERT
HARRY DAVIDOW
RICHARD E. DONOVAN
PAUL F. DOYLE
W. CHRISTIAN DREWES
ROBERT EHRENBARD
WILLIAM A. ESCOBAR
WALTER T. FAULKNER
CHRISTOPHER G. FITZPATRICK
B. HARRISON FRANKEL
ROBERT S. FRIEDMAN
JOHN A. GARRATY, JR.
PAUL W. GARRITY
JOHN F. GIBBONS
GOV. JAMES S. GILMORE, III*
WILLIAM R. GOLDEN, JR.
SUSAN GREENSPON*
MARK S. GREGORY*
ROBERT L. HAIG
JAMES R. HAYS
WILLIAM C. HECK
RANDI-JEAN G. HEDIN
JOHN J. HEITMANN
BARBARA E. HOEY
JOSEPH B. HOFFMAN*
BUD G. HOLMAN
EDWARD J. HUNTER
JOHN G. IMMER*
MICHAEL S. INSEL
JANE E. JABLONS
PAUL A. KEENAN
HENRY T. KELLY*
THOMAS B. KINZLER
JAMES J. KIRK
KENNETH KIRSCHNER
WILLIAM A. KROHLEY
ERIC G. KUSSOY
ALAN J. LASKA
TIMOTHY R. LAVENDER*
PATRICIA M. LEE
RICHARD R. LURY
JOHN J. LYNAGH
PAUL G. MADISON*
GEORGE J. MARCHESE
CHRISTINA M. MASON
PAUL F. MCCURDY
GREGORY M. MCKENZIE
NEIL MERKL
JACOB J. MILES
GENEVIEVE MORELLI*
JUN MORI*
BRAD MUTSCHELKNAUS*
FREDERIC S. NATHAN
JAMES V. O'GARA
SUSAN J. ONUMA
CHRISTOPHER C. PALERMO
NICHOLAS J. PANARELLA
DAVID A. RAMMELT*
SARAH L. REID
DAVID E. RETTER
FREDERIC A. RUBINSTEIN
JOEL S. RUBLIN
JEROME A. SCHIFFERLI*
RICHARD A. SIEGAL
FRANCIS Y. SOGI
JULIAN SOLOTOROVSKY*
MARK R. SOMERSTEIN
STEPHEN W. STEIN
JONATHAN STOLER
MERRILL B. STONE
DAVID B. SUDZUS*
STEVE SZCZEPANSKI*
ELISHEVA S. TEITZ
ANDRÉ VAN LANDUYT*
DAVID L. VAUGHAN
SHABBIR S. WAKHARIYA
PETER WOLFRAM
KEITH H. WOFFORD
STEPHEN A. WOOD*
EDWARD A. YORKGITIS, JR.*
KYUHONG YUH
HARVEY FOLKS ZIMAND

COUNSEL

SAMUEL S. CROSS
AVERY FISCHER
HON. JAMES A. GOODMAN*
LELAND J. MARKLEY
HON. FRANCIS T. MURPHY
PHILIP V. PERMUT*
FREDERICK T. SHEA
JOHN W. SIMPSON*

*NOT ADMITTED IN NEW YORK

November 2, 2005

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Internal Revenue Service Center
Cincinnati, OH 45999-0002

Re: E.I. DuPont de Nemours & Co. (EIN: 51-0014090)

Dear Sir or Madam:

Enclosed please find a refund claim with respect to the federal communications excise tax for the period July 1, 2005 through September 30, 2005. Also enclosed is a power of attorney.

Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

Very truly yours,

Jacob J. Miles

Enclosures

cc: Ms. Ginnie Mauro

NY01/TORMC/1058402.1

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: E I DUPONT DE NEMOURS & CO

Employer identification number (EIN): 510014090

Address (number, street, room or suite no.): 1007 MARKET STREET

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: WILMINGTON DE

ZIP code: 198898

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends:

Daytime telephone number (optional):

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (√) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

M. G. McClure (signature) — 10/26/05

Signature and title (if applicable) — Date

M. G. McClure

Type or print your name below signature.

**Schedule 6 (Form 8849)**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| E.I. Dupont de Nemours and Company | 51-0014090 | $ 70,000.00 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 04012005   Latest date ▶ 09302005

**Claimant's registration number** for Section 4091(d) claims. ▶ ______

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | April 1, 2005 through June 30, 2005 | $ 35,000 | 00 | |
| 2 | July 1, 2005 through September 30, 2005 | 35,000 | 00 | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

SEE ATTACHED

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X,*** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

Form 8849 Attachment

Name of Claimant: E.I. DuPont de Nemours and Company
Employer Identification Number: 51-0014090
Type of Return Filed: 8849
Excise Tax: Communications Excise Tax
Period of Claim: April 1, 2005 through September 30, 2005
Income Tax Years: December 31, 2005
Amount to be Refunded: $70,000.00 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its communications service provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's communications service provider(s) collected such taxes from Claimant on long distance telephone services. The charge for these services did not vary based on time and distance. To constitute a toll telephone service under Code Section 4252(b)(1), the charge for each individual communication must vary in amount with the distance and the transmission time of the individual communication. Thus, where the charges for the long distance telephone services do not vary in amount with the distance of the individual communication, the service does not constitute a toll telephone service within the meaning of Code Section 4252(b)(1). The service is also not a service described in Code section 4252(b)(2) because it did not entitle Claimant, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of unlimited telephonic communications to or from a substantial portion of the persons in a specified area outside Claimant's local telephone system area. As a result, the service is not subject to the Communications Services Excise Tax.

Furthermore, Claimant's communications service provider(s) collected Communications Services Excise Taxes on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

This claim for refund is consistent with the decision in *American Bankers Insurance Group v. United States,* U.S. Court of Appeals, Eleventh Circuit; 04-10720, May 10, 2005; and numerous other cases that have considered whether both distance and time sensitivity are required in order for a telecommunications transmission to constitute a taxable toll telephone service. See e.g., *Office Max v. United States*, 309 F.Supp.2d 984 (N.D. Ohio 2004); *National Railroad Passenger Corp. v. United States*, 338 F.Supp.2d 22 (D.D.C. 2004); and *Reese Brothers, Inc. v. United States*, No. 03-CV-745, (W.D.Pa. Nov. 30, 2004). It is inconsistent with Technical Advice Memoranda 79-404 (January 1, 1979), 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

Claimant requests a refund of all Communications Service Excise Tax paid (directly or indirectly) excluding only: 1) Communications Service Excise Tax paid with respect to long-

distance service to the extent the charge for such service varies based on the distance of each individual communication; and 2) Communications Service Excise Tax paid with respect to local telephone service (but only if such local telephone service does not simultaneously qualify as a private communication service, as defined in Code Section 4252(d)). None of the services provided to Claimant constitute a toll telephone service, within the meaning of Code Section 4252(b)(2), because in no event does Claimant have the right, "upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specific area which is outside the local telephone system area in which the station provided with this service is located."

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.